[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION AND JUDGMENT ENTRY
* * * * *
On April 7, 1997, appellant, Daishun McLaughlin, entered pleas of guilty in the Erie County Court of Common Pleas to a charge of rape, a violation of R.C. 2907.02(A), and to a charge of felonious assault, a violation of R.C. 2903.11(A)(1). The trial court accepted the pleas, found appellant guilty of the charges and sentenced appellant to serve time in prison. The trial court's judgment entry containing appellant's sentence was journalized on April 8, 1997. In the judgment entry, the trial court stated that appellant was told that the parole board could increase his sentence up to fifty percent if he commits a crime in prison. The judgment entry also contains the following statements from the trial court:
 "Where the State did not possess or present any additional evidence of the defendant being a sexual predator or habitual sexual offender, the defendant is found not to be a sexual predator of [sic] habitual sexual offender for purposes of his reporting requirements. Furthermore, the defendant is hereby characterized as a sexually oriented offender and was informed of his duty to register pursuant to Ohio Revised Code § 2950.04."
Appellant filed this appeal and presented six assignments of error. The first five assignments of error challenge the constitutionality of R.C. 2967.11, the sentencing statute that provides for "bad time" if appellant commits a crime in prison. The record shows that appellant has not yet had his prison sentence extended pursuant to R.C. 2967.11. Accordingly, appellant's first five assignments of error are found not well-taken on the authority of this court's decision in State v. Somerlot
(Jan. 23, 1998), Erie App. No. E-97-02, unreported. Accord, State v.Davis (Dec. 31, 1997), Miami App. No. 97-CA-17, unreported.
Appellant's sixth assignment of error challenges the trial court's application of the reporting requirements of R.C.2950.04 to him. The assignment of error is:
 "VI. The Sentence Rendered By The Trial Court Is Unlawful In That The Sentence Violates Appellant's Right To Be Free From Retroactive and Ex Post Facto Laws Under The State and Federal Constitutions."
Appellee did not file any response to appellant's sixth assignment of error.
Appellant argues that because he was sentenced on April 8, 1997, and the effective date of R.C. 2950.04 is July 1, 1997, the trial court could not apply the provisions of R.C. 2950.04 to him. He says the trial court has applied a retroactive and ex post facto penalty to him.
The Second and Eighth Appellate Districts of Ohio have already considered the issue appellant raises in his sixth assignment of error. Both districts have concluded that the new reporting requirements for sex offenders found in R.C. 2950.04
(eff. Jul. 1, 1997) cannot be retroactively applied to an individual who was not a habitual sex offender under the statutory provisions effective at the time individual was sentenced. Statev. Galvan (Dec. 31, 1997), Clark App. No. 97-CA-0008, unreported;State v. Hooks (Dec. 18, 1997), Cuyahoga App. No. 72780, unreported. We agree with our sister districts and find that the trial court in this case erred when it imposed provisions of a statute that was not yet in effect against appellant on the date of his sentencing. Like the Eighth District Court of Appeals, we decline to address the constitutional arguments appellant has presented, as our decision makes it unnecessary to reach the constitutional questions. See, State v. Hooks (Dec. 18, 1997), Cuyahoga App. No. 72780, unreported.
Appellant's sixth assignment of error is well-taken to the extent that the trial court erred when it sentenced appellant under a statute that was not yet in effect. Pursuant to App.R. 12(B), this court orders that the judgment of the Erie County Court of Common Pleas is modified to remove the registration requirement imposed upon appellant pursuant to R.C. 2950.04. The judgment of the Erie County Court of Common Pleas is affirmed in part, and reversed and modified in part. Appellant and appellee are each ordered to pay one-half of the court costs of this appeal.
JUDGMENT AFFIRMED, IN PART,
 AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 7/1/92.
 _______________________________ Peter M. Handwork, P.J.
JUDGE
 _____________________________ James R. Sherck, J.
JUDGE
 _______________________________ Richard W. Knepper, J
JUDGE
CONCUR.